**Charles ALLISON, Petitioner-Appellant,**

**v.**

**Lawrence E. WILSON, Warden, et al., Respondents-Appellees.**

**No. 24110.**

United States Court of Appeals, Ninth Circuit.

Nov. 24, 1970.

Rehearing Denied Dec. 29, 1970.

Charles Allison, in pro. per.

Thomas C. Lynch, Atty. Gen., Derald E. Granberg, Charles R. B. Kirk, Deputy Attys. Gen., San Francisco, Cal., for respondents-appellees.

Before BROWNING, DUNIWAY and TRASK, Circuit Judges.

PER CURIAM:

Charles Allison, a California State prisoner, appeals from the dismissal of his civil rights action against his warden and two prison guards.[1] In his present complaint, Allison alleged that he was physically abused by prison guards Hayes and Thomas on two separate instances. The complaint does not indicate that the punishment was in any manner related to jail discipline.

Under identical circumstances, we have held that such a complaint states a cause of action under the Civil Rights Act, 42 U.S.C. § 1983. Allison v. California Adult Auth., 9 Cir., 1969, 419 F.2d 822; Wiltsie v. California Dep't of Corrections, 9 Cir., 1968, 406 F.2d 515; Dodd v. Spokane County, 9 Cir. 1968, 393 F.2d 330; Brown v. Brown, 9 Cir., 1966, 368 F.2d 992. Although the appellees ask us to re-examine this line of cases, we decline to do so.

Appellees also contend that the district court properly dismissed the first cause of action because plaintiff failed to allege that the injury was inflicted "intentionally." Specific intent to violate constitutional rights is not a necessary element under Section 1983, see Monroe v. Pape, 1961, 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed.2d 492, and William v. Field, 9 Cir., 1969, 416 F.2d 483, 485. It is not necessary for us to consider whether negligent conduct may support a claim under Section 1983. Here the allegation that Hayes, after saying "I will show you some new rules," slammed a steel door shut, hitting Allison on the

1. Allison's litigious propensities against his keepers were noted in another appeal by him in this court, Allison v. California Adult Auth., 1969, 419 F.2d 822. See also Allison v. Wilson, 1967, N.D.Cal., 277 F.Supp. 271.

back, is a sufficient allegation of intentional conduct.

 The case is remanded to the district court for further proceedings. On remand, the district court may consider dismissal of the proceeding under 28 U.S.C. § 1915(d) if it is satisfied that the action is frivolous or malicious. See Allison v. California Adult Auth., *supra*, 419 F.2d at 823–824.