450 F.2d 958
 O. C. NOLEN et al., Appellants,
v.
C. J. FITZHARRIS, Superintendent of Correctional Training
Facility, Soledad, et al., Appellees.
O. C. NOLEN et al., Appellees,
v.
C. J. FITZHARRIS, Superintendent of Correctional Training
Facility, Soledad, et al., Appellants.
 Nos. 71-2030, 71-2242.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 2, 1971.
 
 John E. Hill (argued), Melvin M. Belli, San Francisco, Cal., for O. C. Nolen and others.
 Charles R. B. Kirk, Deputy Atty. Gen. (argued), Evelle J. Younger, Cal. Atty. Gen., Edward P. O'Brien, Deputy Atty. Gen., San Francisco, Cal., for C. J. Fitzharris and others.
 Before HAMLEY, KOELSCH and CARTER, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this civil rights action, the personal defendants moved to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted. The district court granted the motion on the ground that, considering the "vague and conclusory allegations" of the complaint, the action seems to bear a closer resemblance to that presented in McKinney v. California, 427 F.2d 160 (9th Cir. 1970), than to Allison v. Wilson, 434 F.2d 646 (9th Cir. 1970). The decretal provision of the district court order reads:
 
 
 2
 "The motion to dismiss is granted without leave to amend and the action is dismissed as against all defendants."
 
 
 3
 Under Rule 15(a), F.R.Civ. Proc., a party may amend his pleading once as a matter of course at any time before a responsive pleading is served. A motion to dismiss is not a "responsive pleading" within the meaning of the rule. Breier v. Northern California Bowling Proprietor's Ass'n, 316 F.2d 787, 789 (9th Cir. 1963). Defendants had filed no answer or other pleading prior to entry of the order dismissing the action. In their memorandum briefs filed in the district court, plaintiffs indicated that they wished to file an amended complaint.
 
 
 4
 It therefore appears that plaintiffs had the right to amend the complaint as a matter of course, which right was denied to them by the above-quoted order. On plaintiff's appeal the order is reversed so that an amended complaint may be filed. Defendant's cross-appeal is dismissed as moot.