840 F.2d 18
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cornell THOMAS, Plaintiff-appellee,
v.
Rodney HALTOM, Paul Diambra, and Clifford Friese,
Defendants-appellants.
 No. 86-6040.
 United States Court of Appeals, Sixth Circuit.
 Feb. 29, 1988.
 
 Before MERRITT, CORNELIA G. KENNEDY, and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants-appellants Rodney Haltom (Haltom), Paul Diambra (Diambra), and Clifford Friese (Friese) (collectively, defendants) appealed from the district court's order denying their motion to dismiss this Bivens action[1] because of their entitlement to qualified immunity. The complaint alleged the following facts.
 
 
 2
 This action arose out of two incidents at the Federal Correctional Institute at Memphis (FCI), Tennessee where plaintiff-appellee Cornell Thomas (Thomas) was incarcerated.[2] On January 25, 1980, Thomas was placed in the segregation unit of FCI for allegedly fighting with another inmate. On January 27, 1980, Haltom, Friese, and Emerson Senn (Senn), all guards at FCI entered Thomas' cell in the segregation unit to conduct a search and discovered a letter which they believed was contraband. The officers informed Thomas that they intended to confiscate the letter, to which Thomas objected. Thomas seized the letter from Senn's hands and quickly flushed it down the toilet. The officers then allegedly kicked Thomas in the groin, choked him, handcuffed him, and threw him on the bed.
 
 
 3
 The second incident occurred on February 2, 1980, when another inmate began taunting and threatening Thomas while Thomas was locked in his cell. Senn and Friese, who had heard the threats, unlocked the cell door and ordered Thomas to take a shower, and as Thomas was walking to the shower, he was confronted by the inmate who had threatened him. The officers permitted Thomas to dress and then the two inmates were escorted outside where they fought. Friese, Senn, and Diambra, a physician's assistant at FCI, viewed the fight from a window, and, after the other inmate began bleeding from the eye, the intervened to stop the altercation. Thomas informed Diambra that he was experiencing pain in his back and head. Diambra ignored Thomas and ordered him to "shut up."
 
 
 4
 Thomas commenced the present action on July 14, 1980 alleging that he was denied due process of law in violation of the Fifth Amendment and was subject to cruel and unusual punishment and denied medical care in violation of the Eighth Amendment. The district court denied Haltom's, Diambra's, and Friese's motion to dismiss the claims against them based upon qualified immunity. The defendants thereafter commenced this timely appeal. See Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (denial of motion to dismiss or for summary judgment based upon qualified immunity is an immediately appealable order).
 
 
 5
 "[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." Anderson v. Creighton, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987) (citation omitted). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id., 107 S.Ct. at 3089. See also Dominque v. Telb, 831 F.2d 673, 676 (6th Cir.1987).
 
 
 6
 Upon a review of the record, the briefs of the parties herein, and the relevant authority, this court concludes that the district court properly denied defendants' motion for summary judgment based upon qualified immunity. Thomas' pro se complaint, when read with the required liberality, see Brooks v. Seiter, 779 F.2d 1177, 1179-80 (6th Cir.1985) (pro se complaints must be read liberally by courts), stated claims for violations of clearly established rights. Clear legal precedent existed in January and February, 1980, the time period during which the defendants allegedly violated Thomas' rights, that the use of excessive force by correctional officers against prisoners violated the prisoners' right to due process of law. See Johnson v. Glick, 481 F.2d 1028 (2d Cir.), cert. denied, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973); Meredith v. Arizona, 523 F.2d 481 (9th Cir.1975); Gregory v. Thompson, 500 F.2d 59 (9th Cir.1974); Tolbert v. Bragan, 451 F.2d 1020 (5th Cir.1971); King v. Blankenship, 636 F.2d 70 (4th Cir.1980); Bruce v. Wade, 537 F.2d 850 (5th Cir.1976); Franklin v. Aycock, 795 F.2d 1253 (6th Cir.1986). It was also clearly established that prison officials' deliberate indifference to an inmate's safety as threatened by the violent attacks of other inmates violated the Constitution. See Little v. Walker, 552 F.2d 193 (7th Cir.1977) (8th Amendment violation), cert. denied, 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 530 (1978); Holt v. Sarver, 442 F.2d 304 (8th Cir.1971) (8th Amendment violation); Woodhous v. Virginia, 487 F.2d 889 (4th Cir.1973) (due process violation); Parker v. McKeithen, 488 F.2d 553 (5th Cir.) (8th Amendment violation), cert. denied, 419 U.S. 838, 95 S.Ct. 67, 42 L.Ed.2d 65 (1974); Stewart v. Love, 696 F.2d 43 (6th Cir.1982) (per curiam). Furthermore, it was clearly established that prison officials' deliberate indifference to inmates serious medical needs stated a cause of action for a violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Fitzke v. Shappell, 468 F.2d 1072 (6th Cir.1972).
 
 
 7
 Because factual disputes exist as to whether the defendants committed the acts as alleged in the complaint, Judge McRae properly denied defendants' motion for summary judgment. Accordingly, the district court's order of September 5, 1986 denying that motion is AFFIRMED, and this case is hereby REMANDED to the district court for further proceedings.
 
 
 
 [1]
 Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (recognizing cause of action against federal officers for violation of Constitutional rights)
 
 
 [2]
 Thomas has since been transferred to another federal prison