961 F.2d 216
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ishmael Ali MUHAMMAD, Petitioner-Appellant,
v.
Leonard CARDOZA, Respondent-Appellee.
 No. 91-15681.
United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 24, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ishmael Muhammad Cardoza, a California state prisoner, appeals pro se the district court's summary judgment dismissal of his 42 U.S.C. civil rights action against San Mateo County jail officials. We review de novo the district court's grant of summary judgment. Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Id.
 
 
 4
 The moving party has the initial burden to show that there are no genuine issues of material fact. T.W. Elec. Serv. v. Pacific Elec. Contractor's Assoc., 809 F.2d 626, 632 (9th Cir.1987). The burden on the moving party may be discharged by pointing to portions of the pleadings, admissions, answers to the interrogatories and depositions, along with any affidavits, which show the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. List, 880 F.2d at 1044.
 
 
 5
 Muhammad alleges that prison officials violated his civil rights by using excessive force in transferring him from one cell to another in the San Mateo County jail in 1988. The use of excessive force by a prison official constitutes a violation of the eighth amendment. See Hudson v. McMillan, 112 S.Ct. 995, 996 (1992); Spain v. Procunier, 600 F.2d 189, 194 (9th Cir.1979). Nevertheless, "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Meredith v. Arizona, 523 F.2d 481, 483 (9th Cir.1975). Determining whether there has been an eighth amendment violation turns upon whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. See Hudson, 112 S.Ct. at 996 (citing Whitley, 475 U.S. 312, 321 (1986)). Such factors as the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted are relevant to that determination. Id. at 996; Whitley, 475 U.S. at 321.
 
 
 6
 We agree with the district court's finding that the record indicates that the force used by the prison officials in transferring Muhammad to another cell was not excessive.
 
 
 7
 First, the amount of force was minimal in relation to the need for force. The defendants filed an affidavit stating that when Muhammad arrived at the new cell, he pointed his finger in one of the deputies' face and said he was not going into the cell. The deputy asked Muhammad not to point his finger at him, and Muhammad repeated the gesture, and stated that he would have to be physically placed in the cell.
 
 
 8
 At that point, the deputy placed Muhammad in a "control hold" and directed Muhammad into the cell. The defendants' affidavits state that the entire procedure took no more than five seconds, and that none of deputies ever struck Muhammad.
 
 
 9
 Second, the force was necessary to place Muhammad in the new cell. Muhammad admits that he refused to enter the cell, and that he told the defendants that he would have to placed there by force.
 
 
 10
 Third, the extent of the injury resulting from the force was minimal, if non-existant. Although Muhammad claims he suffered torn tendons in his right shoulder, he has produced no evidence of this other than his own conclusory allegations, which cannot withstand a motion for summary judgment. See List, 880 F.2d at 1044 (9th Cir.1989). Moreover, the defendants have produced evidence that Muhammad suffered only a sprained shoulder, which may have been the result of a pre-existing injury. Given these circumstances, we hold that the amount of force used was not excessive. See Hudson, 112 S.Ct. at 996; See Whitley, 475 U.S. at 321.
 
 
 11
 Muhammad also claims that he was denied medical attention for his injury. The eighth amendment proscription against cruel and unusual punishment prohibits prison officials from deliberately ignoring a convicted prisoner's serious medical needs. See Estelle v. Gamble, 429 U.S. 104, 107 (1976). Although Muhammad was a pretrial detainee and not a convicted prisoner at the time of this incident, he is still protected by the due process clause. City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983).
 
 
 12
 In an affidavit, a registered nurse employed by the jail testified that Muhammad was seen by a doctor the day after the alleged injury occurred. The doctor prescribed treatment for the sprain, and indicated that Muhammad had a history of prior problems with his shoulder. An x-ray was taken of Muhammad's shoulder which showed no injury. The diagnosis was confirmed by an orthopedic specialist at a community hospital. Muhammad has filed no affidavits controverting this evidence. We hold that there is no constitutional violation under these facts. See id.
 
 
 13
 Next, Muhammad alleges that he was deprived of his legal materials during a trial, and that this deprivation amounted to a violation of his right of access to the courts. First, the defendants have testified that they removed no legal materials from Muhammad's belongings, and Muhammad has not specified which documents were taken. Second, the defendants filed an affidavit stating that Muhammad was found to be in possession of a pen with a sharp tip which prompted an order to search his belongings for other contraband. A search revealed several more items of contraband found among Muhammad's belongings which were subsequently confiscated; however no legal materials were taken. Muhammad has failed to show that there is a genuine issue for trial with regard to denial of access to the courts. Therefore, we find no violation of Muhammad's constitutional rights under this claim.
 
 
 14
 Finally, Muhammad challenges his custody classification when he was a pretrial detainee at the San Mateo County jail. Pursuant to the policies of the San Mateo County jail, Muhammad was placed in administrative segregation so that he would not be attacked by other inmates due to his status as a sex offender and his pending child molestation charges.
 
 
 15
 Muhammad had no constitutional right to receive a particular security classification. See Moody v. Daggett, 429 U.S. 78, 87 n. 9 (1976); Hernandez v. Johnson, 833 F.2d 1316, 1318 (9th Cir.1987). Further, the San Mateo County jail was statutorily authorized to place Muhammad in administrative segregation pursuant to subchapter four of the California Administrative Code governing the minimum standards for local detention facilities. See 15 Cal.Admin.Code 1006(b). The purpose of administrative segregation in local detention facilities is to "provide that level of control and security necessary for good management and to insure protection of staff and inmates." Because Muhammad raises no genuine issue for trial, the district court did not err in granting summary judgment in favor of the defendants. See List, 880 F.2d at 1044.[1]
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir. R. 34 4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3
 
 
 [1]
 The appellant's motion for appointment of counsel is denied