962 F.2d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry HOWARD, Plaintiff-Appellant,
v.
Lawrence J. BARROWS, et al., Defendant-Appellee.
 No. 90-15893.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 8, 1991.
Decided May 8, 1992.
 
 Before POOLE, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 OVERVIEW
 
 2
 This is a prisoner's civil rights action brought against various individuals within the Arizona Department of Corrections (ADOC) pursuant to 42 U.S.C. §§ 1983 and 1985 seeking injunctive relief and damages. Larry Howard, an inmate confined to custody by the ADOC, appeals pro se the district court's summary judgment dismissal of his civil rights action. We affirm in part and reverse in part.
 
 II.
 BACKGROUND
 
 3
 Mr. Howard is incarcerated in the Arizona State Prison system. He was transferred from the Arizona State Prison Complex-Tucson to Picacho Correctional Work Center on June 12, 1987.
 
 
 4
 On September 20, 1987, Mr. Howard escaped from Picacho. He accomplished this by placing a dummy in his bed, cutting a hole in the fence, and then wiring it back once outside to prevent detection. He was recaptured some 25 miles from the prison by the prison chase team.
 
 
 5
 On September 21, 1987, Mr. Howard was given a disciplinary write-up charging him with escape. He appeared at a preliminary hearing for this charge on September 25, 1987, and admitted his escape. A second disciplinary hearing was held on October 20, 1987, and Mr. Howard was found guilty of escape. However, the findings of the disciplinary committee were later vacated on appeal.
 
 
 6
 An Institutional Classification Committee hearing was then held on November 18, 1987, for reevaluation of Mr. Howard's custody status. At the hearing, he again admitted his escape. The committee recommended Mr. Howard be placed in administrative segregation and in parole class IV.
 
 
 7
 On March 18, 1988, a rehearing was held on the disciplinary charges. Mr. Howard was again found guilty of escape. This time, the findings of the disciplinary committee were upheld on appeal. Mr. Howard presented claims of due process violations resulting from his disciplinary and classification hearings to the Pinal County Superior Court which, after conducting an evidentiary hearing, entered a judgment in favor of the defendants.
 
 
 8
 On December 9, 1987, Mr. Howard filed a complaint in the U.S. District Court for the District of Arizona alleging violations of his civil rights under 42 U.S.C. § 1983. On August 3, 1988 he filed an amended complaint to also include claims under 42 U.S.C. § 1985. Mr. Howard's allegations included: 1) conspiracy to deny him access to the courts; 2) conspiracy to steal his personal property; 3) conspiracy to interfere with his legal mail; 4) conspiracy to deny him due process; 5) conspiracy to maliciously prosecute him on criminal charges; 6) conspiracy to harass and threaten him; and 7) conspiracy to subject him to cruel and unusual punishment. The defendants filed motions to dismiss on November 8, 1988. The district court ordered these motions treated as a motions for summary judgment and set out a schedule for responsive pleadings. On April 10, 1990, the district court granted defendants' motions for summary judgment. Mr. Howard now appeals.
 
 
 9
 From a liberal construction of Mr. Howard's pro se brief it appears he argues that summary judgment was improper with respect to four of his claims: denial of due process arising out of his disciplinary and classification hearings; denial of meaningful access to the courts; cruel and unusual punishment; and censorship of his mail. We think Mr. Howard demonstrates the existence of a genuine issue of material fact with respect to his claim of cruel and unusual punishment only. Accordingly, we reverse the district court's grant of summary judgment on this claim.
 
 III.
 STANDARD OF REVIEW
 
 10
 We review de novo the district court's grant of summary judgment. T.W. Electric Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629-630 (9th Cir.1987).
 
 IV.
 DISCUSSION
 
 11
 A factual dispute is material with respect to a motion for summary judgment if it affects the outcome of the litigation, and is genuine if manifested by substantial evidence going beyond the allegations of the complaint. See Allen v. A.H. Robins Co., Inc., 752 F.2d 1365 (9th Cir.1985).
 
 A. DUE PROCESS VIOLATIONS
 
 12
 Mr. Howard argues that a genuine issue of material fact exists as to whether he suffered due process violations arising out of his disciplinary and classification hearings. We disagree.
 
 
 13
 Federal courts hearing § 1983 and § 1985 actions must give res judicata effect to state court judgments. Migra v. Warren City School District, 465 U.S. 75, 81 (1984). Under Arizona law, a final judgment on the merits absolutely bars a subsequent suit involving the same cause of action. O'Neil v. Martin, 182 P.2d 939, 943 (Ariz.1947).
 
 
 14
 Mr. Howard alleged the same due process violations in the Arizona Superior Court that he now alleges here. The Pinal County Superior Court held an evidentiary hearing and denied Mr. Howard any relief. Thus, Mr. Howard's claims of due process violations are barred by res judicata and summary judgment was proper.
 
 B. MEANINGFUL ACCESS TO THE COURTS
 
 15
 We find no genuine issue of material fact as to Mr. Howard's claim of denial of meaningful access to the courts.
 
 
 16
 "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977).
 
 
 17
 Mr. Howard first claims he was denied meaningful access to the courts because the prison has not provided him with an adequate law library meeting minimal constitutional standards. This issue, however, was never raised in the complaint or any of the pleadings filed with the district court. Since a contention not made before the district court is ordinarily not considered on appeal, United States v. Kent, 945 F.2d 1441, 1445 (9th Cir.1991), Mr. Howard is precluded from raising this issue now.
 
 
 18
 Howard next claims denial of meaningful access to the courts because the prison has failed to provide adequate legal assistance. Since Howard did not make any assertion as to the inadequacy of the prison law library in district court, he cannot now argue the issue of adequate legal assistance.
 
 
 19
 Finally, Mr. Howard contends that he was denied reasonable physical access to the prison law library in that he was forced to choose between attending the law library and other activities.
 
 
 20
 "[P]rison officials may place reasonable limitations on library access in the interest of the secure and orderly operation of the institution." Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir.1987). Mr. Howard concedes that his cell block houses particularly dangerous inmates. Also, in Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989), this court held that if, as in this case, one of the core requirements of Bounds is not involved, "the court must consider whether the plaintiff has alleged an 'actual injury' to court access. An 'actual injury' consists of some 'specific instance in which an inmate was actually denied access to the courts.' Only if an actual injury is alleged does a plaintiff state a claim for which relief can be granted." Id. (citation and quotation omitted).
 
 
 21
 Mr. Howard does not assert any specific instance in which he was actually denied access to the courts. Thus, he does not state a claim for which relief can be granted and summary judgment as to this claim was proper.
 
 C. CRUEL AND UNUSUAL PUNISHMENT
 
 22
 Mr. Howard contends that the district court erred in finding that there was no genuine issue of material fact as to his claim of cruel and unusual punishment. We agree. Mr. Howard claims that when the prison chase team recaptured him, he was forced to lie, face down, on an ant hill covered with ants for at least one half hour. He further claims that the prison officials would not let him move, or brush the ants off, and as a result he suffered for six weeks from a skin condition caused by ant bites. If true, such conduct might constitute cruel and unusual punishment in violation of the eighth amendment.
 
 
 23
 The U.S. Supreme Court has held that the question whether actions by prison authorities "inflicted unnecessary and wanton pain and suffering [in violation of the eighth amendment] ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (quotations omitted). Further, the use of excessive force against a prisoner may constitute cruel and unusual punishment even though the inmate does not suffer serious injury requiring medical attention. Hudson v. McMillian, 112 S.Ct. 995 (1992).
 
 
 24
 Requiring an inmate to lie on an ant hill and be bitten by ants--even when the inmate, upon recapture, must be physically restrained to prevent flight and to protect guards--could hardly be a good faith effort to maintain or restore discipline. The government's invocation of Meredith v. State of Arizona, 523 F.2d 481 (9th Cir.1975), does not help. Mr. Howard's affidavit alleges conduct that was "intentional, unjustified, brutal, and offensive to human dignity"--exactly as proscribed in Meredith. Id. at 484.
 
 
 25
 These allegations, made in a sworn affidavit in response to a motion for summary judgment, state a claim for violation of Mr. Howard's eighth amendment rights and raise a genuine issue of material fact requiring a trial. Accordingly, the district court's grant of summary judgment on this claim is reversed and the case is remanded for trial.
 
 D. CENSORSHIP OF LEGAL MAIL
 
 26
 We find no genuine issue of material fact as to Mr. Howard's claim of censorship of mail. Mr. Howard argues that, contrary to official policy, Superintendent Barrows has an unwritten policy of reading and censoring all outgoing mail.
 
 
 27
 Prison officials are allowed to censor and withhold mail with certain procedural safeguards. Thornburgh v. Abott, 490 U.S. 401 (1989). According to prison mail regulations, incoming mail is opened and inspected for contraband in front of the inmate and outgoing mail is searched only if there is probable cause to believe it contains contraband. Defendants have submitted affidavits of Superintendent Barrow and Lt. Legate to support their contentions that Howard's mail is processed according to Inmate Mail Regulations. Howard asserts that he witnessed prison officials opening his mail. Such action is in accordance with prison regulations. Howard sets forth no facts which would indicate a departure from Inmate Mail Regulations. Thus, summary judgment was proper on this claim.
 
 
 28
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3