972 F.2d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry LAWSON, Plaintiff-Appellant,
v.
James ROWLAND, et al., Defendants-Appellees.
 No. 91-16767.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 20, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry Lawson, a California state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 We will affirm summary judgment if, viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Banks v. Bethlehem Steel Corp., 870 F.2d 1438, 1441 (9th Cir.1989). "The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial." Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989). Nevertheless, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial and "may not rest upon mere allegations in the pleadings in order to preclude summary judgment." T.W. Elec. Serv. v. Pacific Elec. Contractors, 809 F.2d 626, 629-30 (9th Cir.1987). Moreover, there is no genuine issue of material fact if the party opposing the motion "fail[s] to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 4
 Lawson first contends that prison officials denied him access to the courts when they negligently delayed mailing his petition for review to the California Supreme Court. The district court properly granted summary judgment in favor of the defendants as to this claim.
 
 
 5
 If a prisoner's claims do not involve denial of access to adequate law libraries or adequate assistance from persons trained in the law, the prisoner must demonstrate actual injury, or a "specific instance in which ... [the] inmate was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989).
 
 
 6
 The following facts are undisputed. The deadline for filing Lawson's petition for review on direct appeal was July 29, 1989. Lawson delivered his petition to prison authorities for mailing on July 7, 1989. Prison officials failed to mail the petition until August 4, 1989, after the deadline for filing had passed. The California Supreme Court returned the petition to Lawson, stating that because the deadline had expired, "the court is without power to consider any matters that may be contained in the petition." After Lawson apparently advised the court that the lateness in mailing was the fault of prison officials, the court wrote him a letter stating that it was unfortunate that his petition for review arrived late, suggesting that he take administrative action within the prison to avoid future errors, and suggesting that he raise the issues in a habeas petition. Prison officials subsequently offered Lawson reimbursement for the amount he had spent on photocopying his petition for review.
 
 
 7
 Given these circumstances, the district court properly granted summary judgment to the prison officials. Lawson did not proffer evidence to contradict the defendants' evidence that he is not precluded from raising his claims in a state habeas petition. Thus, Lawson has not established a genuine issue of material fact that he suffered actual injury from the prison officials' failure to mail the petition for review. See Celotex, 477 U.S. at 323; Sands, 886 F.2d at 1171.
 
 
 8
 Lawson also contends that prison officials used excessive force in restraining him when they used a choke and arm hold, pointed a gun at him, and ordered him to lie down on the floor. This contention is meritless.
 
 
 9
 The use of excessive force by a prison official violates the eighth amendment. Hudson v. McMillan, 112 S.Ct. 995, 996 (1992). Nevertheless, "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Meredith v. Arizona, 523 F.2d 481, 483 (9th Cir.1975). Whether there has been an eighth amendment violation turns upon whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. See Hudson, 112 S.Ct. at 996 (citing Whitley v. Albers, 475 U.S. 312, 321 (1986)). Relevant factors in this determination include the need for the application of force, the relationship between the need and the amount of force used, and the extent of the injury inflicted. Id.; Whitley, 475 U.S. at 321.
 
 
 10
 Here, prison officials presented evidence that Lawson told prison officials that he was eligible for work release. He was unable to produce his work authorization card but attempted to hand a document to a correctional officer. The officer then ordered him back to his cell despite his requests to see his counselor or the housing sergeant or lieutenant. Lawson returned to his cell initially, but subsequently left it again and refused to return to it to be locked up. He then tried to push his way past a correctional officer's outstretched arm in an attempt to exit the prison tier. The officer then grabbed him by the neckline of his shirt, placed him in a neckhold, and twisted his arm behind his back in a control hold. Lawson continued to resist until another officer pointed a gun at him and ordered him to the ground. Medical personnel subsequently examined Lawson, found slight reddening around his neck and a bruise on his arm, and determined he did not need medical attention.
 
 
 11
 Lawson alleged in the district court that he never misrepresented his work status to the correctional officer but told him that he wanted to see his counselor about the documents he had in his hand. After the correctional officer told him he could not leave the tier, Lawson alleged that he asked for the housing sergeant or lieutenant. After the officer refused, Lawson returned to his cell, but subsequently exited it to pursue his request to see his counselor. After the officer told him to return to his cell to be locked up, Lawson refused, and the struggle described above ensued.
 
 
 12
 We agree with the district court that Lawson did not establish a genuine issue of material fact that prison officials used excessive force in restraining him. See T.W. Elec. Serv., 809 F.2d at 629-30.
 
 
 13
 Lawson also contends that prison officials violated his fourth amendment rights when they conducted an unreasonable search of his prison cell and left it in a shambles. The district court properly granted summary judgment in favor of prison officials on this claim. A state prisoner has no reasonable expectation of privacy in his cell entitling him to fourth amendment protection from unreasonable searches and seizures. Hudson v. Palmer, 468 U.S. 517, 527-28 (1984). Moreover, Lawson did not show a pattern of searches conducted for "calculated harassment" sufficient to establish an eighth amendment violation. See id. at 530.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3