978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerardo RODRIGUEZ, Plaintiff-Appellant,
v.
James C. SPAULDING; Van Skike; James Blodgett, Defendants-Appellees.
 No. 92-35085.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1992.*
Decided Oct. 27, 1992.
 
 Before SNEED, BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerardo Rodriguez, an Oregon state prisoner,[1] appeals pro se the district court's summary judgment in favor of the defendants, Washington state prison officials, in his 42 U.S.C. § 1983 action. We have jurisdiction under 42 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989), and affirm.
 
 
 3
 A motion for summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Id. There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. Id. at 1045. However, conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Id.
 
 
 4
 Rodriguez contends that the defendants acted with deliberate indifference to his serious medical needs when they denied him the use of an extra mattress which he asserts was medically necessary for severe back pain. Thus, he argues, the district court erred by granting summary judgment for the defendants. This contention lacks merit.
 
 
 5
 The eighth amendment proscription against cruel and unusual punishment prohibits prisoners from deliberately ignoring a prisoner's serious medical needs. See Estelle v. Gamble, 429 U.S. 104, 107 (1976). The plaintiff must show that the alleged misconduct constituted unnecessary and wanton infliction of pain. Id.; Anthony v. Dowdle, 853 F.2d 741, 742 (9th Cir.1988). Mere indifference, medical malpractice or negligence will not support a cause of action. Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.1980).
 
 
 6
 The defendants were entitled to a summary judgment on this claim as a matter of law because the record does not establish that Rodriguez was suffering from a serious medical need. See Estelle, 429 U.S. at 107. The district court stated: "Undoubtedly the plaintiff was suffering from some medical impairment.... However, the fact that plaintiff was given medication and an extra mattress does not necessarily transform his condition into a "serious medical need." The district court further found that the medical evidence showed that Rodriguez's condition was mild, that his subjective complaints could not be verified by objective evidence, and that he was prescribed a mattress primarily for comfort.
 
 
 7
 Further, the district court found there was no evidence that the defendants acted with deliberate indifference toward Rodriguez's back condition. IMU personnel filed a declaration stating that providing inmates with extra mattresses poses a security risk because inmates can use them to barricade themselves in their cells, making staff entry more difficult and dangerous. We agree with the district court that this is a valid security concern. Accordingly, that the district court did not err in finding for the defendants on the issue of the extra mattress.
 
 
 8
 Rodriguez also contends that in retaliation for filing grievances, he was refused his antidepressant medications by prison officials. There is no evidence supporting this contention. The evidence shows that there were some periodic delays in the dispensation of Rodriguez's medication, but there is no evidence that the medications were delayed due to intentional or reckless conduct on the part of the defendants. Cf. Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.1980). Accordingly, the district court did not err by granting summary judgment on this claim.
 
 
 9
 Rodriguez next contends that the district court erred by granting summary judgment because prison officials used excessive force when conducting a cell search. This contention lacks merit.
 
 
 10
 The use of excessive force by prison officials violates the eighth amendment. Hudson v. McMillan 112 S.Ct. 995, 996 (9th Cir.1992). Nevertheless, "not every push or shove, even if may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Meredith v. Arizona, 523 F.2d 481, 483 (9th Cir.1975). Whether there has been an eight amendment violation turns on whether force was applied in a good faith effort to maintain or restore prison discipline or maliciously and sadistically for the very purpose of causing harm. See Hudson, 112 S.Ct. at 996 (citation omitted). Relevant factors in this determination include the need for the application of force, the relationship between the need and amount of force used, and the extent of the injury inflicted. Id.
 
 
 11
 Rodriguez states that during a cell search defendant Gleason "yanked up very hard" on his handcuffs causing serious pain to his left shoulder. He further states that when backing out of the holding cell he was smashed into the door by Gleason.
 
 
 12
 Prison officials presented evidence that periodic cell searches are conducted to maintain prison security and to ensure that all locked doors are working properly. They presented further evidence that when a cell search is conducted in the IMU inmates are cuffed and removed from the cell. The inmate is secured in the holding cell when the search is conducted. An inmate is required to back out of the cell. The defendants state that Rodriguez attempted to leave the holding cell walking forward. The defendants state that they then closed the cell door and instructed Rodriguez to back out of the cell pursuant to IMU policy. They state that at no time was Rodriguez smashed against the door. Rodriguez states that he took a step back and was shoved up against the door. Rodriguez's conclusory allegations, however, do not raise a genuine issue of fact.
 
 
 13
 We agree with the district court that the two versions of the incident do not raise a material issue of fact. If Rodriguez was shoved up against the door, this alone does not rise to the level of a constitutional violation. See Meredith, 523 F.2d at 483; Hudson, 112 S.Ct. at 996 (citation omitted).
 
 
 14
 Rodriguez further states that when the guards returned to his cell to confiscate his radio, Gleason began jabbing into his injured back. The defendants do not address this claim on appeal. We affirm the district court on this claim, however, because Rodriguez did not allege any specific injuries resulting from the force. See Hudson, 112 S.Ct. at 996 (relevant factor is extent of injury inflicted).
 
 
 15
 In a previous order, the district court dismissed without prejudice Rodriguez's claims that (1) he was dismissed from his job at the IMU because of racial discrimination, and (2) he was denied a television when he became eligible to receive one.
 
 
 16
 Because the district court's order dismissed the claims prior to service of process, we construe the order as a dismissal pursuant to 28 U.S.C. § 1915(d). See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). We review a dismissal under section 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint is frivolous if it lacks an arguable basis either in law or fact. Id. In civil rights cases where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 623 (9th Cir.1988). If the plaintiff has an arguable claim, he is entitled to issuance and service of process. Jackson, 885 F.2d at 640.
 
 
 17
 We agree with the district court's order insofar as it dismissed Rodriguez's claim that he was denied a television in the IMU when he became eligible to receive one. The WSP provides some inmates with televisions as part of its inmate incentive program. A television is a privilege within the discretion of prison administrators. Therefore, Rodriguez does not have a constitutionally protected interest in the receipt of a television. See Connecticut Bd. of Pardons v. Dumschat, 452 U.S. 458, 465 (1981).
 
 
 18
 We disagree, however, with the district court's dismissal of Rodriguez's claim that he was fired from his prison job as a tier porter as a result of racial discrimination. The district court reasoned that Rodriguez did not have a constitutionally protected liberty interest in employment at the penitentiary. Liberally, construing Rodriguez's complaint, however, Rodriguez states an arguable section 1983 claim that prison officials discriminated against him on the basis of race, a deprivation of his constitutional rights under color of state law. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir.), cert. denied, 421 U.S. 949 (1974) (setting out section 1983 requirements); see also Toles v. Katzenbach, 385 F.2d 107 (9th Cir.1967). Accordingly, Rodriguez was entitled to service of process on this claim, and the district court erred by dismissing it. See Jackson, 885 F.2d at 640. We therefore vacate the dismissal of this claim and remand with instructions to the district court to allow service of process on this claim.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rodriguez is an Oregon state prisoner who was formerly incarcerated at the Washington state penitentiary ("WSP"). Rodriguez filed this lawsuit alleging violations of his constitutional rights during his term of incarceration at WSP