983 F.2d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marvin HARRIS, Plaintiff-Appellant,
v.
James GOMEZ, Director, et al., Defendants-Appellees.
 No. 92-16444.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 29, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marvin Harris, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action before service of process.[1] He contends that correctional officers at Pelican Bay State Prison violated his eighth amendment rights by using excessive force to extract him from his cell.
 
 
 3
 Harris claims that prison guards attacked and beat him in order to extract him from his cell after he admittedly refused to change cells. We review for an abuse of discretion the district court's dismissal of an action based on 28 U.S.C. § 1915(d). Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and vacate and remand in part.
 
 
 4
 With respect to defendants Gomez and Marshall, the district court dismissed the action as duplicative because the alleged prison policy of permitting the use of excessive force is the subject of a class action suit on behalf of all adult prisoners incarcerated at Pelican Bay State Prison. Because it is within the district courts' discretion to control their dockets, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992), we affirm the dismissal as to these defendants.
 
 
 5
 With respect to the remaining defendants, the district court dismissed the action as frivolous. Frivolous in forma pauperis complaints may be dismissed before service of process under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Id. at 325. In civil rights actions, allegations of a pro se complaint, however inartfully pleaded, should be liberally construed. Lopez v. Dep't of Health Services, 939 F.2d 881, 882-83 (9th Cir.1991) (per curiam). A pro se plaintiff with an arguable claim is entitled to issuance and service of process. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 6
 The use of excessive force by a prison official constitutes a violation of the eighth amendment. See Hudson v. McMillan, 112 S.Ct. 995, 996 (1992); see also Spain v. Procunier, 600 F.2d 189, 194 (9th Cir.1975). Nevertheless, "not every push or shove, even if it may later seem unnecessary ... violates a prisoner's constitutional rights." Meredith v. Arizona, 523 F.2d 481, 483 (9th Cir.1975). Determining whether there has been an eighth amendment violation turns upon whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. See Hudson, 112 S.Ct. at 996 (citing Whitley v. Albers, 475 U.S. 312, 321 (1986)).
 
 
 7
 Here, we cannot say from the face of Harris' complaint that his complaint is wholly frivolous. The district improperly dismissed the action prior to service of process. Therefore, we vacate in part the district court's order and remand for issuance and service of process.
 
 
 8
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We construe the district court's dismissal before issuance and service of process as a dismissal under 28 U.S.C. § 1915(d). See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989)