988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leopoldo CARDENAS, Plaintiff-Appellant,
v.
C/O SKILLINGS, Defendant-Appellee.
 No. 92-36762.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 24, 1993.
 
 Appeal from the United States District Court for the Eastern District of Washington; No. CV-92-00333-JLQ, Justin L. Quackenbush, District Judge, Presiding.
 E.D.Wash.
 REVERSED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner Leopoldo Cardenas appeals pro se the district court's dismissal as frivolous of his 42 U.S.C. § 1983 civil rights complaint alleging that his Eighth Amendment rights were violated when a correctional officer stuck his thumb into Cardenas's anal area through his pants. We have jurisdiction under 28 U.S.C. 1291, and we reverse.
 
 
 3
 We review the district court's dismissal of an action as frivolous under 28 U.S.C. 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 4
 Frivolous in forma pauperis complaints may be dismissed sua sponte before service of process under 28 U.S.C. 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis in law or fact." Id. at 325. In civil rights actions, where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). A pro se plaintiff with an arguable claim is entitled to issuance and service of process. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 5
 The use of excessive force by a prison official may constitute an Eighth Amendment violation. See Hudson v. McMillan, 112 S.Ct. 995, 996 (1992); see also Spain v. Procunier, 600 F.2d 189, 194 (9th Cir1979). Nevertheless, " 'not every push or shove, even if it may later seem unnecessary, ... violates a prisoner's constitutional rights.' " Meridith v. Arizona, 523 F.2d 481, 483 (9th Cir.1975) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir.1973)). In determining whether there has been an Eighth Amendment violation we must decide whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm. See Hudson, 112 S.Ct. at 996.
 
 
 6
 Here, Cardenas claims that on July 5, 1992, the defendant caused him "substantial emotional distress," and put his life in jeopardy by sneaking up behind him and sticking his thumb into his anal area through his pants. Cardenas claims that he was humiliated by the defendant's "immoral, shameful, unjust, and humiliating act." He further alleges that defendant Skillings laughed about it afterward. Cardenas contends that the defendant's act put his life in danger because other inmates witnessed defendant's "homosexual act."
 
 
 7
 It is not clear that the touching of Cardenas's anal area by the defendant was applied in a good faith effort to maintain or restore discipline and may amount to a constitutional violation. See Hudson, 112 S.Ct. at 1000. Accordingly, Cardenas's allegation does not lack an arguable basis in law or fact, and the district court did abuse it's discretion by dismissing Cardenas's claim as frivolous under section 1915(d).
 
 
 8
 REVERSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3