MEMORANDUM **
Luis Renteria, a California state prisoner, appeals pro se from the district court’s summary judgment in favor of defendant Williams in his 42 U.S.C. § 1983 action alleging excessive force in connection with an incident whereby Williams sprayed him in the face with a cleaning chemical. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Oliver v. Keller, 289 F.3d 623, 626 (9th Cir.2002), *383 and may affirm on any basis supported by the record, Vestar Dev. II, LLC v. Gen. Dynamics Corp., 249 F.3d 958, 960 (9th Cir.2001). We affirm in part, vacate in paid, and remand for further proceedings.
The district court properly dismissed Renteria’s retaliation claim relating to the chemical spraying incident because his February 17, 2004 grievance concerning that incident did not indicate that Williams’s actions were retaliatory. See Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir.2009) (affirming dismissal for failure to exhaust prison remedies where inmate’s grievance failed to “alert[ ] the prison to the nature of the wrong for which redress [was] sought.”) (internal quotation marks omitted).
However, the record does not support the district court’s determination that Renteria failed to exhaust his claim that Williams violated his First Amendment rights by retaliating in other ways against Renteria for filing prison grievances. The February 28, 2004 grievance, for which Renteria fully exhausted administrative procedures, was sufficient to put the prison on notice of Renteria’s claim that Williams had taken adverse actions against him for filing two prior misconduct complaints. Id. (stating that a grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved). Accordingly, we vacate and remand for further proceedings. See Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir.2003) (holding that defendants have the burden of proving the absence of exhaustion)
We also vacate summary judgment, pursuant to 42 U.S.C. § 1997e(e), on Renteria’s Eighth Amendment claim. The “physical injury” requirement of 42 U.S.C. § 1997e(e) does not apply to claims for compensatory, nominal, or punitive damages. See Oliver, 289 F.3d at 630. Because Renteria’s complaint requests these damages, summary judgment was improper.
On remand, to establish an Eighth Amendment violation Renteria must establish that the use of force was more than de minimis; not that his injury was more than de minimis. See id. at 628 (“In ruling that the requisite physical injury must be more than de minimis for purposes of § 1997e(e), we are not importing the standard used for Eighth Amendment excessive force claims, which examines whether the use of physical force is more than de minimis.”) (emphasis in original); see also Felix v. McCarthy, 939 F.2d 699, 702 (9th Cir.1991) (“[I]t is not the degree of injury which makes out a violation of the eighth amendment. Rather, it is the use of official force or authority that is intentional, unjustified, brutal and offensive to human dignity.”) (internal quotation marks omitted).
Renteria has waived any challenge to the district court’s dismissal of his state law claims. See Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988) (“It is well established in this Circuit that claims which are not addressed in the appellant’s brief are deemed abandoned”).
We grant Williams’s motion to strike portions of Renteria’s Excerpts of Record. See Lowry v. Barnhart, 329 F.3d 1019, 1024 (9th Cir.2003) (explaining that a party generally may not add to or enlarge the record on appeal to include material that was not before the district court).
Each party shall bear its own costs on appeal.
AFFIRMED in part, VACATED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.