**Gary WILSON, Plaintiff,**

v.

**Vandall WHITE; and Timothy Fiske, Defendants.**

**No. 85 CIV. 4345 (SWK).**

United States District Court,
S.D. New York.

March 7, 1987.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

This is a *pro se* action for damages under the Civil Rights Act of 1871, 42 U.S.C. § 1983.

At the time the events underlying this action occurred plaintiff was an inmate at the Sing-Sing Correctional Facility in Ossining, New York. Plaintiff is now an inmate at the Attica Correctional Facility in Attica, New York. Defendants are corrections officers at Sing-Sing.

Defendants move pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for

judgment on the pleadings in favor of both defendants, upon the ground that plaintiff has failed to state a claim upon which relief can be granted. Defendant White also moves, pursuant to Rule 12(b)(2) of the, Federal Rules of Civil Procedure, to dismiss the complaint as against him for lack of personal jurisdiction.

Plaintiff's complaint alleges that on the morning of September 17, 1984, at approximately 6:10 a.m., plaintiff was awakened by defendant White. Plaintiff alleges that after he asked White what was going on, White walked away from his cell, and asked defendant Fiske if he had a knife. Plaintiff alleges that he then got out of his bed and heard Fiske ask White, "Is this big enough?" Plaintiff alleges that White then returned to his cell and began to cut plaintiff's housecoat. Plaintiff alleges that White cut his housecoat twice, at which point plaintiff attempted to take the housecoat from White. Plaintiff alleges that White then cut his hand with the knife. Plaintiff alleges that he received seven cuts on the left finger and hand, for which he was taken to the prison hospital and treated.

Plaintiff alleges that defendants' activities violated his rights guaranteed under the First, Fifth, Eighth and Fourteenth Amendments. Jurisdiction is invoked pursuant to 28 U.S.C. Sections 1331 and 1343. Plaintiff seeks compensatory damages in the amount of $300,000 from each defendant, and punitive damages in the amount of $100,000 from each defendant.

## DISCUSSION

### Judgment on the Pleadings

In considering a 12(c) motion, the court may look only at the pleadings. *George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 553 (2d Cir.1977). The court must accept as true all of the well pleaded facts alleged in the complaint and may not dismiss the action unless the court is convinced that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bloor v. Carro*, 754 F.2d 57, 61 (2d Cir.1985) *"Pro se* complaints, moreover, are

held to less stringent standards than formal pleadings drafted by lawyers". *Bass v. Jackson*, 790 F.2d 260, 262 (2d Cir.1986) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972)).

To recover under Section 1983 plaintiff must prove that: (1) the defendants deprived him of a right secured by the Constitution; and (2) the defendants acted under the color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970).

Plaintiff alleges that he was approached and cut by defendant White with a knife White received from defendant Fiske. Plaintiff alleges that this action violated various constitutional rights; it appears that plaintiff intends to claim that this violated his due process rights and his right to be free from cruel and unusual punishment. Defendants contend that White's allegations regarding the attack are untrue and that his wounds were self-inflicted and superficial.

It is established that prison officials have broad latitude in dealing with security problems in their institutions. *Green v. Coughlin*, 633 F.Supp. 1166, 1170 (S.D.N.Y.1986). The Second Circuit has found that "[t]he management by a few guards of large numbers of prisoners ... may require and justify the occasional use of a degree of intentional force." *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973).

In *Johnson* the court sets out factors which must be considered to determine whether a prison official's conduct is a constitutional response to security needs or whether it violates a prisoners' constitutional rights. These factors are: the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, and whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. *Id.*

An attack on a prison inmate, however, which is not part of an attempt to maintain or restore discipline violates the inmate's due process right to be free from unprovoked attack. *Vargas v. Correa*, 416 F.Supp. 266, 268 (S.D.N.Y.1976). The *Vargas* court found that an inmate who had been struck by a guard in a dispute over changing a television channel was entitled to recover under Section 1983. Plaintiff here alleges that he was attacked with a knife for no immediate reason.

The Court finds that plaintiff has plead a constitutional violation and that defendants, who were acting as prison guards, were acting under color of state law.

*Personal Jurisdiction*

Although defendant White asserts in his motion to dismiss that the summons and complaint were not served upon him, the Court's records reveal that service was executed.

### CONCLUSION

For the foregoing reasons defendants' motion for judgment on the pleadings is DENIED, and defendant White's motion to dismiss is DENIED.

SO ORDERED.