**Scott Emerson FELIX,**
**Plaintiff–Appellee,**

v.

**Daniel J. McCARTHY, Director of The Department of Corrections; P.J. Morris; J. Campoy; Daniel Vasquez; Morris, Lt., et al., Defendants–Appellants.**

No. 89–16020.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 11, 1990.
Decided July 10, 1991.

Susan Duncan Lee, Deputy Atty. Gen., San Francisco, Cal., for defendants-appellants.

Alfred C. Peiffer, Jr., McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., for plaintiff-appellee.

Before SNEED, SCHROEDER and CANBY, Circuit Judges.

CANBY, Circuit Judge:

Appellants Luis S. Lemos, Gregory Maxie and Paul Ward, prison guards at San Quentin, appeal the district court's denial of their motion for summary judgment on the basis of qualified immunity. Scott Felix, a prisoner at San Quentin, brought a civil rights action against the guards alleging that the guards used excessive force against him in March 1985. The guards assert that they are entitled to the defense of qualified immunity because it was not clearly established in March 1985 that the guards' conduct would violate Felix's clearly established constitutional rights. We affirm.

## BACKGROUND

Felix brought a section 1983 action against the prison guards alleging violation of his eighth amendment right not to be subject to cruel and unusual punishment. Accepting Felix's deposition testimony and all reasonable inferences drawn from it as true, the facts show the following:

Felix was employed in the prison hospital. In March 1985, while Felix was mopping the floors in the hospital, Officer Maxie approached Felix, deliberately spat on the floor at Felix's feet, and ordered Felix to clean it up. When Felix refused, Maxie handcuffed Felix, pushed him into a wall, then led him to Sergeant Ward's office. On the way to the office, Maxie verbally assaulted Felix with insults and threatened to take Felix's job away.

While Felix and Maxie waited for Ward to become available, Felix leaned against the wall in the hallway outside of Sergeant Ward's office. When Sergeant Ward approached, Officer Maxie told him that Felix was refusing to work. Felix disagreed and told Ward that Maxie was crazy and that he was lying. In response, Maxie threw the handcuffed prisoner across the hallway into the wall on the opposite side, about seven to nine feet away. Felix's left shoulder and left side of his face made contact

with the wall. Then Officer Lemos joined Officer Maxie. The two officers grabbed Felix, one on each side, and took him into Sergeant Ward's office. There, one of the officers pushed Felix, who was still handcuffed, one more time.

Felix testified that he suffered bruises, soreness, and emotional distress from the incident. He was afraid to seek medical attention for his injuries and quit his job because he was afraid of the guards in the hospital.

The guards moved for summary judgment on the ground that they did not violate Felix's constitutional rights. The district court denied the motion. The court concluded that the defendants were not entitled to summary judgment on the basis of qualified immunity and that the defendant's qualified immunity argument merely restated their argument that Felix's rights were not violated.

## ANALYSIS

### 1. Jurisdiction

■ Felix argues that we lack jurisdiction over the guards' claims because the guards failed to raise the qualified immunity defense in the district court. We disagree. The guards' motion for summary judgment, based on their contention that they did not use unreasonable force, includes a reference to qualified immunity. Felix responded to this motion by arguing that qualified immunity was not available to the guards. The district court addressed the issue and concluded that the guards were not entitled to the defense. We conclude that the matter is properly before us on appeal.

### 2. Qualified Immunity

■ The guards argue that they are entitled to qualified immunity because they did not violate any clearly established constitutional right of which a reasonable person would have known. According to the guards: "In light of pre-existing law, reasonable correctional officers would believe that minor force resulting in minor injury (*i.e.*, a 'm,ere [sic] push or shove') was constitutional."

Although the principle cited by appellants may often be correct, its application to the facts of the present case is not. Felix does not allege that he was merely pushed. Rather, he asserts first, that Officer Maxie used his position of authority intentionally and gratuitously to degrade his dignity, and second, that Maxie, with Sergeant Ward's apparent approval, threw him across a hallway and against a wall, causing bruising, soreness, and emotional damage. Moreover, Felix contends that Officers Maxie and Lemos pushed him yet another time in Sergeant Ward's office. Again, the conduct was stated to be unprovoked. Thus, the principle offered by the appellants does not govern Felix's claim.

Under the state of the law in 1985, reasonable officers should have been on notice, with the specificity required by *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987), that this type of conduct would violate a prisoner's constitutional rights. In their brief, the appellants concede that:

> Early in 1985, a reasonable correctional officer in California would have understood that he would violate the Constitution by delivering strong blows upon a prisoner for no purpose, using force that could be characterized as "intentional, unjustified, brutal, and offensive to human dignity." *Meredith v. Arizona*, 523 F.2d at 484.

*Meredith v. Arizona*, 523 F.2d 481 (9th Cir.1975), provides the standard in this circuit for determining whether an officer's conduct constitutes excessive force. Although the force allegedly used against Felix was not maximum, it properly falls within the description of "strong blows ... for no purpose."

*Meredith* was decided in 1975. In *Meredith*, we concluded that a prisoner had stated a cause of action where he alleged that a prison guard, without provocation, struck him in the solar plexus while he was suffering from an emphysema attack, rendering

him "totally handicapped" for a period.[1] Meredith was treated with oxygen for four hours; he suffered no lasting injury.

By March 1985, other circuits had reached comparable conclusions. For example, in 1980, the Fourth Circuit held that "the *unjustified* striking, beating, or infliction of bodily harm upon a prisoner gives rise to liability under 42 U.S.C. § 1983." *King v. Blankenship*, 636 F.2d 70, 72 (4th Cir.1980) (emphasis added). In *Blankenship*, the court concluded that the prisoner stated a cause of action where a guard grabbed the prisoner's beard and threw him to the floor, causing a portion of the beard to be torn from the prisoner's face and inflicting some cuts and bruises. Similarly, on facts resembling the present case, a district court in 1976 found a cause of action when a guard initiated an unprovoked altercation with a prisoner and used force maliciously, causing some injury to the prisoner's face and neck. *Vargas v. Correa*, 416 F.Supp. 266 (S.D.N.Y.1976). *See also Wilson v. White*, 656 F.Supp. 877, 879 (S.D.N.Y.1987) (attack on prisoner "which is not part of an attempt to maintain or restore discipline violates the inmate's due process right to be free from unprovoked attack"). These cases demonstrate that it is not the degree of injury which makes out a violation of the eighth amendment. Rather, it is the use of official force or authority that is "intentional, unjustified, brutal and offensive to human dignity." *Meredith*, 523 F.2d at 484.

The appellants cite numerous cases in support of their assertion that the guards could not have known that the infliction of minor injuries would violate a clearly established constitutional right. *See e.g.*, *Hines v. Boothe*, 841 F.2d 623 (5th Cir.1988); *Marquez–DeJesus*, 1989 U.S. Dist. Lexis 716 (S.D.N.Y.1989). These cases, however, did not involve an unprovoked and unjustified attack by a prison guard; the prisoners were either violating prison rules or the guards were acting on a reasonable but mistaken belief that the prisoner posed a security threat. On Felix's evidence, no such situation existed here.

Because we conclude that Felix has made a sufficient showing that the appellant-guards violated clearly established constitutional rights of which a reasonable officer would have known, we affirm the district court's denial of summary judgment based on qualified immunity.

### 3. Sanctions

Felix requests that we sanction the guards for bringing a frivolous appeal. Felix asserts that the appeal is frivolous because the issue of qualified immunity was not raised below and is not appealable. Because we conclude that the issue was raised below and is appealable, we deny Felix's request for sanctions.

The order is AFFIRMED.

---

1. *Rutledge v. Arizona Bd. of Regents*, 660 F.2d 1345, 1352 (9th Cir.1981), *aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983), does not acknowledge, as the guards assert, that the *Meredith* analysis rested on the severity of the injury alleged. *Rutledge* repeats our statement in *Meredith* that we would not decide whether less *reprehensible* conduct would suffice to state a claim. *Rutledge*, 660 F.2d at 1352.