951 F.2d 361
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald K. NELSON, Plaintiff-Appellant,
v.
PENN, CSO; Marshall, Cso, Defendants-Appellees.
 No. 90-15322.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 9, 1991.*
Decided Dec. 16, 1991.
 
 1
 Before CANBY and KOZINSKI, Circuit Judges, and NIELSEN,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Donald K. Nelson, a pro se state prison inmate, appeals from the district court's dismissal of his complaint brought under 42 U.S.C. § 1983. Nelson sued two corrections officers alleging that they abused him physically by conducting strip searches and applying handcuffs in violation of his first, fourth and eighth amendment rights. Specifically, Nelson claims that the officers retaliated against him after he told defendant Marshall that a court had enjoined a prison rule which prohibited inmates from wearing bandanas.
 
 
 4
 The district court did not articulate its reasons for concluding that Nelson's complaint failed to state a claim. However, the defendants, citing Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989), argued in their 12(b)(6) motion that the officers could not be sued for damages because they were acting in their official capacities and, consequently, were not "persons" under section 1983.
 
 
 5
 If that was the basis for the district court's ruling, it was in error. While it is true that strip searches were part of the defendants' official functions, "under § 1983, a plaintiff may sue a state officer in his individual capacity for alleged wrongs committed by the officer in his official capacity." Price v. Akaka, 928 F.2d 824, 828 (9th Cir.1990). The capacity in which a defendant is sued "need not coincide" with the capacity in which the defendant was acting when the alleged improper conduct occurred. Id. Therefore, the appellees' reliance on Will is misplaced; Nelson properly named the officers as defendants for purposes of his section 1983 suit.
 
 
 6
 In reviewing alleged infringements of prisoners' constitutional rights, we apply the test announced by the Supreme Court in Turner v. Safley, 482 U.S. 78, 89 (1987); "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." See Thompson v. City of Los Angeles, 885 F.2d 1439, 1445 n. 4 (9th Cir.1989); Michenfelder v. Sumner, 860 F.2d 328, 331 (9th Cir.1988). We have applied Turner in upholding routine visual body cavity searches conducted after prison visits as reasonably related to legitimate penological interests. Michenfelder, 860 F.2d at 332-333; see also Bell v. Wolfish, 441 U.S. 520 (1979). However, we have held that an inmate states a claim when he alleges that guards used official force for unjustified purposes. See Felix v. McCarthy, 939 F.2d 699, 701-02 (9th Cir.1991); Meredith v. Arizona, 523 F.2d 481, 482-84 (9th Cir.1975).
 
 
 7
 Nelson alleges that he complied with the guards' initial request to conduct a post-visit body cavity search, but that the guards then forced him to submit to additional searches as well as handcuffing him in a way that caused injury. According to Nelson, the initial search satisfied all legitimate penological interests in preventing contraband from entering the prison; the sole purpose of the additional searches and the handcuffing episode, he alleges, was to punish him for his statements. Reading Nelson's complaint liberally, we construe it as stating a claim that the defendants used their authority for non-penological purposes. This type of claim cannot be resolved at the motion to dismiss stage.
 
 
 8
 REVERSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Wm. Fremming Nielsen, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3