974 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vernon DEWITT, Plaintiff-Appellee,
v.
Francisco SILVA, Officer, Defendant-Appellant.
 No. 91-16267.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Sept. 1, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Francisco Silva, an Arizona state correctional officer, appeals the district court's interlocutory order denying his motion for summary judgment on qualified immunity grounds in Arizona state prisoner Vernon Dewitt's 42 U.S.C. § 1983 action alleging that Silva used excessive force against him during Dewitt's escape attempt.[1] "Pursuant to the collateral order doctrine, we have jurisdiction over interlocutory appeals from orders denying summary judgment on the basis of qualified immunity." Act Up!/Portland v. Bagley, No. 90-35888, slip op. 8833, 8836 (9th Cir. July 24, 1992). We affirm.
 
 
 3
 We review de novo the district court's denial of summary judgment on qualified immunity grounds. Id. at 8838.
 
 
 4
 A correctional officer is entitled to qualified immunity from suit if, in light of clearly established legal principles, a reasonable correctional officer in the defendant's position could have believed that his conduct was lawful. See Anderson v. Creighton, 483 U.S. 635, 641 (1987); Act up!/ Portland, No. 90-35888, slip op. at 8839.
 
 
 5
 Under the state of the law at the time of Officer Silva's conduct, it is clear that a reasonable correctional officer in Silva's position would have known that the use of excessive force following the arrest of an escapee would violate the escapee's constitutional rights. See Felix v. McCarthy, 939 F.2d 699, 701-02 (9th Cir.1991), cert. denied, 112 S.Ct. 1165 (1992).
 
 
 6
 Dewitt alleges that after he reached the ground on the outside of the prison fence and clearly surrendered, Silva, contrary to prison training, policy, and procedures, ordered Dewitt at gunpoint to climb back over the eighteen-foot fence causing Dewitt to cut his arm and sustain other injuries from a fall. Silva alleges that when he approached Dewitt, Dewitt was at the top of the fence, and upon Silva's command, Dewitt climbed down to the ground of the inside perimeter and sustained only minor injuries. Silva denies that Dewitt had reached the outside perimeter and was forced to re-climb the fence.
 
 
 7
 Viewing the facts in the light most favorable to Dewitt, we cannot determine as a matter of law whether Silva used excessive force or whether Silva reasonably could have believed that his conduct was lawful. See Anderson, 483 U.S. at 641. Although ordinarily we should resolve qualified immunity before trial, see Hunter v. Bryant, 112 S.Ct. 534, 536-37 (1991), here the underlying facts are in dispute, and thus, the issue of qualified immunity cannot be resolved on summary judgment. See Act Up!/Portland, No. 90-35888, slip op. at 8841 ("[i]f a genuine issue of fact exists preventing a determination [of qualified immunity] at summary judgment, the court may permit the case to proceed to trial and make the qualified immunity determination after the facts have been fully aired in the courtroom"). Accordingly, we affirm the district court's denial of Silva's motion for summary judgment on qualified immunity grounds.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Dewitt named two other defendants in his complaint, only Francisco Silva filed a notice of appeal