Rodney Wayne JONES, Plaintiff—
Appellee,

v.

J. CUNNINGHAM, Correctional
Sergeant; et al., Defendants—
Appellants.

No. 03–15948.

D.C. No. CV–99–20023–RMW.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2004.*

Decided March 12, 2004.

Rodney Wayne Jones, CSP–Calipatria State Prison, Calipatria, CA, for Plaintiff–Appellee.

Barbara N. Sutliffe, AGCA–Office of the California, Attorney General (SF), San Francisco, CA, for Defendant–Appellant.

Before B. FLETCHER, REINHARDT, Circuit Judges, and RESTANI, Chief IT Judge.**

MEMORANDUM***

In this interlocutory appeal, four California prison guards argue that the district court erred by denying their motion for summary judgment. The motion sought qualified immunity with regard to Rodney Wayne Jones's 42 U.S.C. § 1983 claim that they used excessive force against him while he was incarcerated in Salinas Valley State Prison.

In reviewing an interlocutory appeal from a denial of qualified immunity, we do

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* The Honorable Jane Restani, Chief Judge, United States Court of International Trade, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

not have jurisdiction to "conduct an inquiry into the sufficiency of evidence to support a finding that the [guards] did in fact violate [Jones's] constitutional right." *Wilkins v. City of Oakland,* 350 F.3d 949, 952 (9th Cir.2003). Instead, we assume that Jones's version of the material facts is true and, accordingly, confine our inquiry to determining whether: (1) the guards violated his Eighth Amendment rights when they repeatedly slammed him to the ground, taunted him with racist slurs, and refused to pull up his sweat pants and boxer shorts after they fell down, leaving him naked below the waist as they escorted him in full view of other staff and inmates; and (2) it would have been clear to a reasonable officer that such conduct was unconstitutional.

The guards argue that the level of force that they used was proportional to the risks involved in transporting an inmate through a high-security prison. Assuming Jones's version of the material facts to be true, however, he did not resist in any manner after his initial refusal to leave his cell. We agree with the district court that Jones's "initial refusal to exit his cell does not justify the alleged physical force used against the plaintiff during the escorts to the medical facility, administrative segregation, and other areas of the prison." *See Hudson v. McMillian,* 503 U.S. 1, 6–7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); *Felix v. McCarthy,* 939 F.2d 699, 701–02 (9th Cir. 1991); *Gaut v. Sunn,* 810 F.2d 923, 924–25 (9th Cir.1987).

Nor was it reasonable for the guards to use the force they did because of Jones's prior disciplinary record and their suspicions that he had consumed homemade alcohol earlier in the day—especially since

they took extensive precautionary measures, including handcuffing him, applying a butterfly hold, and designating two to four guards to escort him through the prison. *Cf. Le Maire v. Maass,* 12 F.3d 1444, 1457 (9th Cir.1993). Moreover, the guards failed to temper the severity of their forceful response at many points during the transport. *Hudson,* 503 U.S. at 7. While the guards' refusal to pull up Jones's clothing did not result in significant injuries, the humiliation from this forced exhibitionism is "deeply offensive to human dignity." *Schwenk v. Hartford,* 204 F.3d 1187, 1197 (9th Cir.2000) (internal quotations and citations omitted).[1] For the foregoing reasons, we hold that, for purposes of this interlocutory appeal, the guard's actions violated the Eighth Amendment.

Granting summary judgment to the guards on the ground of qualified immunity is "improper if, under the plaintiff's version of the facts, and in light of the clearly established law, a reasonable officer could not have believed his conduct was lawful." *Schwenk,* 204 F.3d at 1196. We hold that, at the time of the use of force against Jones, the law was sufficiently clearly established to place a reasonable correctional officer on notice that "the type of intentional, unjustified, unprovoked, and brutal conduct" in which the guards engaged constitutes unconstitutionally excessive force. *Gaut,* 810 F.2d at 925. *See also Hudson,* 503 U.S. at 4; *Felix,* 939 F.2d at 701.

Accordingly, the district court's denial of qualified immunity is **AFFIRMED.**

---

1. Even if the *Hudson* factors did not weigh so heavily in Jones's favor, he also provides evidence that at least some of the guards were motivated by their desire to retaliate against

him for the complaints he had filed regarding previous incidents in which they had subjected him to physical abuse. *See Davidson v. Flynn,* 32 F.3d 27, 30 (2d Cir.1994).