Anthony Albert JIMENEZ, Plaintiff–Appellee,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS, Defendant,

and

John Franklin; Ryan Bergner; David Sum; Tri T. Hoang; Daniel Ortega; Gabriel Frank Gonzalez; Cesar Casillas; Alfredo Gomez; Daniel Estrella; Gilbert Duron, Defendants–Appellants.

No. 03–56848.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2005.

Decided July 14, 2005.

Jeffrey H. Blum, Esq., Emilio G. Gonzalez, Esq., Davis Wright Tremaine, LLP, Los Angeles, CA, for Plaintiff–Appellee.

David J. Wilson, Esq., Manning & Marder, et al, LLP, Los Angeles, CA, Devallis Rutledge, Esq., Manning, Marder, Kass, Ellrod, Ramirez, LLP, Irvine, CA, for Defendants–Appellants.

Before: LAY,* KOZINSKI, and THOMAS, Circuit Judges.

MEMORANDUM **

We conclude that defendant Bergner is not entitled to qualified immunity for the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

February 21, 1998 incident. Taking the facts as alleged by Jimenez, *see Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), we conclude that Bergner personally participated in conduct that violated Jimenez's constitutional right. *See Graham v. Connor*, 490 U.S. 386, 395 n. 10, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Gibson v. County of Washoe*, 290 F.3d 1175, 1197 (9th Cir.2002). We further conclude that Jimenez's right was clearly established at the time of the incident. *See Lolli v. County of Orange*, 351 F.3d 410, 421–22 (9th Cir.2003) (citing *Felix v. McCarthy*, 939 F.2d 699, 701–02 (9th Cir.1991)). A reasonable officer would have known that Bergner's actions were unlawful.

For the reasons stated above, defendants Ortega, Gonzalez, Casillas, Gomez, and Estrella are not entitled to qualified immunity for their alleged personal participation in the March 4, 1998 incident, and defendants Duron, Hoang, and Sum are not entitled to qualified immunity for their alleged personal participation in the March 27, 1998 incident.

Taking Jimenez's facts as alleged, defendant Franklin, in his capacity as supervisor, "fail[ed] to bring his subordinates under control" during the February 21, 1998 incident. *See Lolli*, 351 F.3d at 418. Accordingly, he is not entitled to summary judgment. *See id.*

Duron, in his capacity as supervisor, is not entitled to qualified immunity for the March 27, 1998 incident because, under the facts as alleged by Jimenez, he set in motion a series of events that caused his subordinates to inflict constitutional violations. *See Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir.1991).

Because Jimenez has waived his Fourth and Eighth Amendment claims, there is no live controversy regarding these claims. We lack jurisdiction to review moot issues. *See Gator.Com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128–29 (9th Cir.2005).

We lack jurisdiction to review denial of summary judgment based on Jimenez's invocation of his Fifth Amendment right to remain silent during discovery. Adequacy of evidence, a factual issue, is not properly before us on this interlocutory appeal. *See Cunningham v. City of Wenatchee*, 345 F.3d 802, 806–07 (9th Cir.2003).

AFFIRMED.