Filed 10/11/13  Araujo v. County of Los Angeles CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| ESPERANZA ARAUJO, | B236138 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. TC023419) |
| v. | |
| COUNTY OF LOS ANGELES et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Raul A. Sahagun, Judge.  Reversed with directions.

Law Offices of John R. Blanchard and John R. Blanchard, for Plaintiff and Appellant.

John F. Krattli, County Counsel, Roger H. Granbo, Assistant County Counsel, and Jonathan McCaverty, Deputy County Counsel, for Defendants and Respondents.

_____

Appellant Esperanza Araujo appeals from summary judgment entered for respondents Los Angeles County and Los Angeles County deputy sheriffs Chad Magdalik and Brian Anderson. Because the court's entry of summary judgment ignored a triable issue of fact involving the amount of force the deputies used against appellant, we reverse.

## FACTS AND PROCEEDINGS

Los Angeles County deputy sheriffs Chad Magdalik and Brian Anderson were on routine patrol at 6:40 a.m. on May 18, 2008, when they received a radio call to check on a woman at the corner of 83rd Street and Alameda. When the deputies arrived at the intersection, they saw appellant Esperanza Araujo yelling and screaming at workers at a nearby business. The deputies got out of their car and approached appellant. As the deputies neared appellant, they saw signs she was intoxicated and decided to investigate her for possible public intoxication. (Pen. Code, § 647, subd. (f).) Based on their observations, they arrested appellant. After her arrest, appellant was taken to the hospital where laboratory test results confirmed the presence of alcohol and marijuana in her system. Appellant thereafter pleaded no contest to violation of Penal Code section 647, subdivision (f) for public intoxication, and was sentenced to time served and 12 months' probation.

In August 2009, appellant filed a complaint against Los Angeles County and the deputies, claiming the deputies had used excessive force when they arrested her. She alleged causes of action for violation of her civil rights under color of law (42 U.S.C. § 1983), civil battery, false arrest and imprisonment, and negligence. According to the deputies, when they first approached appellant in response to the radio call, she had blood on her face from fresh abrasions on her chin and both lips. But in her complaint, appellant asserted that the deputies hit her face against the inside of their patrol car when they pushed her face first into the car as they took her into custody. Appellant further testified at deposition that she had no injuries to her face before her encounter with the deputies, but they beat her into unconsciousness. Under questioning by respondents'

2

counsel, she testified: "Q. What happened [the morning you were arrested]? A. I was at a house that they opened real early in the morning where they sell alcohol. Leaving from that place is where I suffered the accident with the officer with the last name of Magdalik. Q. That's [*sic*] what happened? A. He's the one that hit me. Q. Okay. What else? A. I lost consciousness due to the hits. He didn't write anyplace on the report that he had hit me and that he sent me to the hospital."

Respondents moved for summary judgment or adjudication. In support of their motion, the deputies claimed that the only force they used against appellant were two three-second blasts of pepper spray to her face when, first, she disobeyed their orders to stop spitting blood and mucus at them from the back seat of their patrol car and, second, when she tried to bite deputy Magdalik in the forearm as he tried to unbuckle her seat belt to prevent her from choking herself with the belt. The court granted summary judgment. We reverse.

## DISCUSSION

The trial court found respondents were entitled to summary judgment because the deputies enjoyed qualified immunity and immunity under Government Code section 820.2 for their administration *of pepper spray*.[1] (*Venegas v. County of Los Angeles* (2007) 153 Cal.App.4th 1230, 1241-1242; *Martinez v. County of Los Angeles* (1996) 47 Cal.App.4th 334, 342; Gov. Code, § 820.2 [public employee immune from liability for discretionary acts].) Under those doctrines, no liability exists if an objectively reasonable officer could have believed, even if mistakenly, that his actions were lawful under the circumstances. The court's minute order granting summary judgment stated: "[D]efendants submitted evidence that plaintiff was 'yelling obscenities,' and that she 'spit blood and mucus several times' and she refused commands to stop. . . . They

---

[1] The trial court also dismissed appellant's claim of a *Monell* violation (*Monell v. Department of Social Services of the City of New York* (1978) 436 U.S. 658) and prayer for punitive damages, but appellant does not address these claims on appeal and thus we address them no further.

contend that plaintiff's face was bleeding when they initially approached her. It appears from that testimony that their use of pepper spray was objectively reasonable." The minute order dismissed, seemingly out of hand, appellant's testimony that the deputies inflicted her injuries by pushing her face first into their patrol car and hitting her. Attaching little, if any, weight to appellant's deposition testimony, the court's minute order stated: "The only evidence submitted by plaintiff is her deposition testimony. She denied having any injury prior to the subject event. . . . She alleges that she fell 'face first' when defendant Magdalik pushed her and that she was 'unable to breathe,' and that she was thereafter pepper-sprayed. . . . [¶] She alleges that he 'hit [her] on the area of the car' and she split her lip, after which she 'spewed at him.' "

During the hearing on the motion for summary judgment, appellant's counsel argued that the gist of appellant's excessive force claim was whether the deputies caused appellant's facial injuries. Counsel said: "Your honor, I think this really comes down to who's telling the truth about the injuries. The deputies claim they saw injuries when they arrived on the scene. [Appellant] claims she didn't have injuries until she was contacted by the police. Somebody's lying. [¶] The problem with the court's analysis of the use of force is that it buys hook, line and sinker the deputies' claim they only used pepper spray." In response to counsel, the court asked for evidence that the deputies used more force than pepper spray. Counsel directed the court to appellant's deposition testimony cited in her opposition to respondents' separate statement of facts. The court recited part of that testimony as follows: "Q. And then what happened to you? A. Took me to the back, handcuffed me, opened the door, and pushes me. Q. What else? A. **I fell head first, face first, by the way he had pushed me. He hit me** in this area here. I was unable to breath." (Bold added.) The court then asked counsel, "So apart from this pepper spray, that's the only conduct that I see that she described that deputy did, put her in the back seat. [Counsel] **And hit her**. [Court] Where's that? [Counsel] If the court re-reads what you just read into the record." (Bold added.) Despite counsel reiterating for the court appellant's deposition testimony that the deputies injured appellant either by pushing her face first into the car and/or hitting her, the court repeated its conclusion that

4

the deputies' use of force was limited to pepper spray.  The court said, "So I was trying to determine whether your theory was that excessive force was the pepper spray or something else, and all I came up with was this quote in your deposition that he put her in the back seat.  [Counsel]  [H]e put her in the **back seat face first and hit her**.  [Court] When you gather he hit her, though, I don't see any evidence of that.  I don't see her saying he hit me.  [Counsel]  He did.  She does."  (Bold added.)[2]

To be entitled to summary judgment, respondents must show that appellant was as a matter of law entitled to no relief either because she had no admissible evidence to support an essential element of her claim, or undisputed evidence established a complete defense for respondents.  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.)  Because the trial court misapprehended appellant's evidence by not interpreting it in the light most favorable to her as the party opposing summary judgment, the court did not hold respondents to their assigned task.  (*Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th at p. 843.)  It is all well and good to say that the deputies had discretion to use reasonable force to effect appellant's arrest or overcome her resistance, but in ruling on a motion for summary judgment those legal principles must be joined to appellant's factual allegations for which she has offered admissible evidence.  (See e.g. Pen. Code, § 835a [officer "may use reasonable force to effect the arrest, to prevent escape or to overcome resistance"].)  In their motion for summary judgment, the deputies denied using any force other than pepper spray, a denial they repeat on appeal in their brief in which they write "Other than routine handcuffing and being pepper sprayed once by each Deputy, no other force was used on [appellant] at anytime."  For their qualified immunity and Government

---

[2]     Appellant's opposition to respondents' motion for summary judgment attached as exhibits additional pages from her deposition in which appellant expanded on her testimony that the deputies hit her, but her opposition to respondents' separate statement of facts did not refer by page-and-line-number to that additional testimony, and therefore we disregard that testimony here.  (*United Community Church v. Garcin* (1991) 231 Cal.App.3d 327, 337 ["golden rule" of summary judgment requires facts to be in separate statement].)  Be that as it may, the deposition testimony to which appellant's opposition did include page-and-line references, and which the court reviewed during the hearing, was enough to create a triable issue.

Code section 820.2 argument to carry the day, the deputies must establish that a reasonable deputy could believe that, as alleged by appellant, pushing a handcuffed suspect face first into a patrol car and/or hitting the suspect to the point of unconsciousness is lawful. Because respondents do not confront appellant's evidence of claimed excessive force, their legal arguments miss the mark. (See *Felix v. McCarthy* (9th Cir. 1991) 939 F.2d 699, 701 [prison guards not entitled to qualified immunity for unprovoked physical attack of prisoner, which included throwing prisoner against a wall, because attack was clearly unlawful even though attack resulted in minor injuries].) Accordingly, respondents' motion did not entitle them to summary judgment, and the court erred in granting it.

## DISPOSITION

The judgment is reversed and the court is directed to enter a new order denying respondents' motion as to appellant's causes of action alleging excessive force. Appellant to recover her costs on appeal.

RUBIN, J.

WE CONCUR:

BIGELOW, P. J.

FLIER, J.

6