NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM FLETCHER, | No. 17-35862 |
| Plaintiff-Appellee, | D.C. No. 1:15-CV-00029-REB |
| v. | |
| MARQUARDT, Ada County Sheriff Deputy | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Ronald Bush, Magistrate Judge, Presiding

Argued and Submitted February 7, 2019
Seattle, Washington

Before: IKUTA and CHRISTEN, Circuit Judges, and FREUDENTHAL,** District Judge

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Nancy D. Freudenthal, United States District Judge for the District of Wyoming, sitting by designation.

1

Deputy Marquardt appeals the denial of summary judgment on the claim that he used excessive force against Fletcher, a pretrial detainee in the Ada County jail. Marquardt argues he is entitled to qualified immunity because he did not use excessive force and the law was not clearly established that his force was unlawful under the circumstances. We have jurisdiction under 28 U.S.C. § 1291.

1.      Marquardt argues he did not use excessive force in striking Fletcher whom he contends was argumentative, noncompliant with instructions, and actively resistant.  A material dispute of fact exists regarding whether Marquardt gave Fletcher instructions before striking him.  Fletcher's subjective complaints of pain from the blows are also disputed.  These disputes cannot be reconciled by simply adopting Marquardt's contentions.  The district court did not err in finding the record presented genuine issues of material fact on whether the force Marquardt purposefully used against Fletcher was objectively unreasonable.

2.      Marquardt argues there is no clearly established law that would inform a reasonable deputy facing these specific facts that he could not employ the force used to obtain compliance.  Viewing the evidence in the light most favorable to Fletcher, Fletcher was compliant and did not provoke Marquardt.  The law is clearly established that a reasonable correctional officer cannot administer strong blows upon a compliant pretrial detainee without violating the detainee's right under the Fourteenth Amendment's Due Process Clause to be free from objectively

2

unreasonable force purposely used against him. *Felix v. McCarthy*, 939 F.2d 699, 701 (9th Cir. 1991). The district court did not err in denying Marquardt's motion for summary judgment based on qualified immunity.

**AFFIRMED.**