NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACK ROBERT SMITH, | No. 19-55855 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 5:17-cv-01135-JFW-KK |
| JESSE HENDERSON, Psychiatric Technician, in his/her official and individual capacity, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted November 24, 2020 [**]
San Francisco, California

Before: D.W. NELSON, LEAVY, and SILVERMAN, Circuit Judges.

California civil detainee Jack Robert Smith appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging Fourteenth

Amendment excessive force claims. We have jurisdiction under 28 U.S.C. § 1291.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We review de novo a district court's summary judgment and qualified immunity determination. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013). We reverse.

Smith alleges that a psychiatric technician at a California state mental hospital where Smith had been civilly committed intentionally injured him twice while the two were playing basketball, hitting him once in the eye and once in the mouth. Both injuries required medical treatment, and the eye required stitches. The amended Report and Recommendation ("R&R) takes as true that the technician was a state actor, that the injuries were intentional, and that they were intended as punishment. The R&R then concludes that qualified immunity should be granted on summary judgment because there is no specific case clearly establishing the unconstitutionality of the intentional infliction of excessive force, with the deliberate intention to punish an inmate, in the course of an athletic game.

The Supreme Court has made clear that a plaintiff challenging qualified immunity must point to precedent that "squarely governs" the facts at issue. *Mullenix v. Luna*, 577 U.S. 7, 13 (2015) (per curiam) (emphasis omitted) (quoting *Brosseau v. Haugen*, 543 U.S. 194, 201 (2004) (per curiam)). There is no sense to a ruling, however, that the cases only establish the prohibition against the use of intentional excessive force in the back of police cars and in prison cells but not anywhere else. If the defendant's actions were intentional and intended to punish,

2

allegations that the R&R finds are factually supported, we fail to see why it matters that they occurred on a basketball court.

The law is clearly established that where a state actor intentionally used excessive force for the deliberate purpose of punishing the plaintiff, and that force used caused a significant physical injury, such actions violate the Fourteenth Amendment. *A.D. v. California Highway Patrol*, 712 F.3d 446, 454 (9th Cir. 2013) (a police officer who acted with the purpose to harm a civilian, unrelated to the legitimate law enforcement objectives of arrest, self-defense, or the defense of others, violated the Fourteenth Amendment due process clause); *Felix v. McCarthy*, 939 F.2d 699, 701-02 (9th Cir. 1991) (holding that a reasonable officer in 1985 would have known that "an unprovoked and unjustified attack by a prison guard" that caused bruising, soreness, and emotional damage would violate constitutional rights). Accordingly, we reverse the district court as to summary judgment for the defendant on qualified immunity grounds.

The issue upon remand for trial is whether defendant Henderson, a state actor, denied Smith's substantive due process rights under the Fourteenth Amendment; that is, whether Henderson's conduct is so egregious that it "shocks the conscience." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 851-53 (1998). An intentional infliction of injury for no lawful purpose can shock the conscience. *See Zion v. Cnty. of Orange*, 874 F.3d 1072, 1077 (9th Cir. 2017). When participants

3

agree to play basketball, however, they consent to the possibility of sports-related injuries. Participants nevertheless do not consent to, or assume the risk of, intentional and deliberate infliction of injury. Therefore, the remaining factual dispute is whether Henderson's conduct intentionally and deliberately exceeded the level of Smith's consent to play basketball so as to cause intentional injury that meets the shock the conscience standard.

Smith's motions to supplement the record (Docket Entry Nos. 11 and 14) are denied.

**REVERSED AND REMANDED.**