**NOT FOR PUBLICATION**

**FILED**

FEB 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT LEE JOHNSON, | No. 17-56799 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:15-cv-02138-TJH-KES |
| ROBERT D. HEINS, #292902; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Argued and Submitted January 13, 2021
Pasadena, California

Before: FRIEDLAND and BENNETT, Circuit Judges, and EZRA,** District
Judge.

Former inmate Robert Johnson sued various jail officials under 42 U.S.C.

§ 1983. He alleges that Deputies Jason Hill and Eddie Carter violated his Fourth

and Eighth Amendment rights and committed sexual battery under California law

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

by sodomizing him with a flashlight while conducting a strip search. He also alleges that Custody Assistant Ryan Bishop is similarly liable for failing to intercede when Hill and Carter sodomized him. *See Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000). Johnson further contends that Hill, Carter, Bishop, and Sergeant Robert Heins shoved him into a wall with no discipline- or safety-related justification, causing him physical injury, in violation of his Eighth Amendment rights. The district court granted summary judgment to defendants. The court found that defendants did not violate Johnson's constitutional rights, and that they would be entitled to qualified immunity even if they had. The court also found that defendants did not commit a sexual battery.

We reverse and remand. "Summary judgment is appropriate only if, taking the evidence and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) (quotation marks and citation omitted). "With respect to qualified immunity determinations on summary judgment, we assess whether the contours of [the plaintiff's rights] were clearly established with respect to the alleged misconduct." *Id.*

Applying those standards and beginning with the strip search, Johnson established a triable issue of fact as to whether defendants Hill, Carter, and Bishop

2

violated the Eighth Amendment prohibition against cruel and unusual punishment. "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012). Moreover, conduct that "began as an invasive procedure that served a legitimate penological purpose" may become sexually abusive upon a showing that "the guard's conduct exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the procedure." *Bearchild v. Cobban*, 947 F.3d 1144, 1145 (9th Cir. 2020).

According to the district court, Johnson's complaint[1] and two witness declarations were ambiguous as to whether Hill and Carter sodomized him with the flashlight, while Johnson's deposition testimony "clarified that the flashlight was merely touching the interior portion of his buttocks to prop open the area so [defendants] had a clear view of his anus." The district court's analysis was wrong. Johnson's complaint describes the flashlight going "*inside* [his] rectum-anal area," "*into* [his] an[us]," "*inside* [his] private part," and "*into* [his] rectum." One witness alleged that he "witnessed two deputies touch inmate Johnson, thereby pushing their

---

[1] The complaint is proper summary judgment evidence because Johnson verified it and was pro se when he filed it. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). Given that Johnson's deposition testimony was not inconsistent with his complaint, we need not decide how the district court would have been required to treat the pro se complaint were it materially contradicted by Johnson's deposition testimony. *Cf. Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009).

flashlights *into* inmate Johnson's anus." The other witness "could see Deputy Hills smiling" as the deputies were "pushing their flashlights *into* inmate Johnson['s] rectum area." Although some parts of Johnson's uncounseled deposition testimony seem to refer to touching, he also testified that he "felt a flashlight on [his] rectum" and that defendants "poke[d] it *in* there." Viewing the evidence in the light most favorable to Johnson, there is a triable issue of fact as to whether Hill and Carter sodomized him with a flashlight, thereby far exceeding the scope of what was required in connection with the strip search, subjecting Johnson to sexual abuse, and violating the Eighth Amendment.

Defendants are not entitled to qualified immunity on this claim. "In the simplest and most absolute of terms, the Eighth Amendment right of prisoners to be free from sexual abuse was unquestionably clearly established prior to the time of this alleged assault, and no reasonable prison guard could possibly have believed otherwise." *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000).

There is also a triable issue of fact as to whether the strip search violated the Fourth Amendment prohibition against unreasonable searches. Considering the "scope of the particular intrusion, the manner in which it [was] conducted, the justification for initiating it, and the place in which it [was] conducted," *Bell v. Wolfish*, 441 U.S. 520, 559 (1979), sodomizing Johnson with a flashlight was not part of a reasonable search.

4

The alleged scope of the intrusion was extreme, "intrud[ing] beyond the surface of [Johnson's] body, interfering with his bodily integrity." *United States v. Fowlkes*, 804 F.3d 954, 963 (9th Cir. 2015). The alleged manner of the search was outrageous, as it was conducted by jail officials who allegedly sodomized and then taunted Johnson. *See id.* at 963–66. Though there may well have been justification for a strip search, there was no justification for penetrating Johnson with a flashlight during that search.

Defendants are not entitled to qualified immunity on this claim either. At the time of the strip search, it "was clearly established . . . that body cavity searches of inmates must be conducted in a reasonable manner, and that issues of privacy, hygiene, and the training of those conducting the searches are relevant to determining whether the manner of search was reasonable." *Vaughan v. Ricketts*, 859 F.2d 736, 741 (9th Cir. 1988), *abrogated on other grounds by Graham v. Connor*, 490 U.S. 386 (1989); *see Tribble v. Gardner*, 860 F.2d 321, 325 & n.6 (9th Cir. 1988) (holding that it was clearly established that a digital rectal search that was not "reasonably related to a legitimate penological need," *id.* at 325, violated the Fourth Amendment).

The alleged shove against the wall also violated the Eighth Amendment, viewing the evidence in the light most favorable to Johnson. The magistrate judge recommended summary judgment on this claim on the logic that Johnson's claimed

injuries were only *de minimis*, and the district court adopted that finding. The record does not support such a finding, viewing the facts in Johnson's favor.

Although the Supreme Court has held that the "Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force," *Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992), the bar is not high, *see id.* at 10 ("[B]lows directed at [Plaintiff], which caused bruises, swelling, loosened teeth, and a cracked dental plate, are not *de minimis* for Eighth Amendment purposes."); *see also Furnace*, 705 F.3d at 1029 (finding "burns, blisters, and skin irritation that persisted for three or four days" were "moderate" injuries). Johnson's alleged injuries from the shove—which include dizziness, blackouts, a swollen face, a cut lip, a chipped tooth, cuts on both wrists, a damaged crown, and two dislocated fingers—were not *de minimis* under the established standard.

Defendants are not entitled to qualified immunity on this claim, as it was clearly established at the time of their alleged conduct that "an unprovoked and unjustified attack by a prison guard" violates the Eighth Amendment, even if the guard inflicted only "minor injuries." *Felix v. McCarthy*, 939 F.2d 699, 702 (9th Cir. 1991).

The district court also erred in granting defendants summary judgment on Johnson's sexual battery claim. As the district court provided no independent

6

analysis of that claim, we assume that it relied on the same mistaken conclusion that Johnson failed to adduce sufficient evidence that Hill and Carter sodomized him.

**REVERSED AND REMANDED.**