NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 7 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEVEN M. MCCLAM II,

        Plaintiff-Appellant,

  v.

FRANZ VERHELST, Correctional Officer, King County Jail; RACHEL WILKS, IIU Sergeant; JOHN DOES, 1-50, employees of King County Jail; JANE DOE I, King County Jail medical employee who initially provided medical attention to the plaintiff's injury; JANE DOES, 2-50, employees of King County Jail,

        Defendants-Appellees.

No.   21-35426

D.C. No. 2:19-cv-00096-RAJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted March 9, 2022
Seattle, Washington

Before: NGUYEN, MILLER, and BUMATAY, Circuit Judges.
Dissent by Judge MILLER.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiff Steven McClam II appeals from the district court's grant of summary judgment in favor of defendant Franz Verhelst on the ground of qualified immunity. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Gordon v. County of Orange*, 6 F.4th 961, 967 (9th Cir. 2021), we reverse and remand.

McClam, a pretrial detainee at King County Jail, brought this § 1983 excessive force action against Verhelst, a correctional officer.[1] Verhelst has qualified immunity from suit unless his conduct violated one of McClam's clearly established constitutional rights. *See id.* at 967–68. In determining whether Verhelst was entitled to summary judgment, we view the evidence and draw all inferences in the light most favorable to McClam, the non-moving party. *See id.* at 967.

Due process guarantees that "pretrial detainees (unlike convicted prisoners) cannot be punished at all, much less 'maliciously and sadistically.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015) (quoting the Eighth Amendment standard from, *e.g.*, *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). Thus, a pretrial detainee can show that a correctional officer used excessive force against him without delving into the officer's subjective intent. *See id.* at 398 ("[A] pretrial detainee

---

[1] McClam conceded that the other defendants he sued were entitled to summary judgment.

can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose.").  But the pretrial detainee can also prevail by showing that the defendant's action was "taken with an 'expressed intent to punish.'"  *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 538 (1979)).

Though McClam and Verhelst offer competing versions of the incident at issue, for purposes of this appeal we accept as true McClam's version of events.  In January 2016, McClam asked the correctional officer on duty for his unit, Haiko Postma, for permission to take two paper towels from a box on the floor.  Postma authorized him to do so.  McClam took the first paper towel without incident, in full view of Verhelst, who was standing directly behind the box outside of McClam's reach.

As McClam reached into the box a second time, Verhelst moved forward and "stomped aggressively and with great force" on McClam's hand, causing McClam "extreme pain."  McClam "[a]t no time" reached for Verhelst "or even [got] close to him with [his] hand."

McClam repeatedly pleaded with Verhelst to get off his hand.  Verhelst pinned McClam's hand to the concrete floor with his boot "for a few seconds" while trying to kick the paper towel box away, out of McClam's reach.  As a result

3

of this incident, McClam experienced some loss of function in his hand and, after four years, continued to suffer regular shooting pain.

From this evidence, a jury could reasonably conclude that Verhelst stomped on McClam's hand to punish him with physical pain rather than for any penological purpose. It was clearly established in 2016 that a correctional officer who gratuitously assaults an inmate for the purpose of inflicting pain commits constitutionally excessive force—even if the inmate is not seriously injured. *See Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (per curiam) (holding that inmate stated claim for excessive force by alleging that prison guards assaulted him without provocation, including by kicking him, causing him to suffer a bruised heel and back pain).

Verhelst contends that "no case . . . would have alerted a reasonable officer in [his] situation that putting his boot down on an inmate's extended hand, when he feared for his personal safety, would violate the inmate's constitutional rights." We agree with this statement as a matter of law but not with its factual predicate. When viewed most favorably to McClam and drawing every inference in his favor—as we must at this stage of the litigation—the evidence supports a finding that Verhelst employed considerably more force than "putting his boot down." More importantly, the evidence supports a finding that Verhelst did not fear for his personal safety but rather acted out of annoyance with McClam. *See Estate of*

*Aguirre v. County of Riverside*, No. 19-56462, 2022 WL 871286, at *5 (9th Cir. Mar. 24, 2022) ("We cannot assume the jury's role to resolve the disputed question whether [the plaintiff] presented an immediate threat.").

While Verhelst claims that he was unaware Postma gave McClam permission to take two paper towels, a jury could infer otherwise. Verhelst was standing directly behind the box and Postma was standing directly next to McClam. Verhelst did not react when McClam took the first paper towel but only after McClam reached into the box for another. Moreover, a jury could draw a negative credibility inference from Verhelst's false log entry stating that he used no force at all; when the jail's internal investigation unit subsequently questioned him, "[h]e admitted to applying pressure on McClam's hand." If so, that would undermine his claim to be acting out of fear for his own safety.

Similarly, a jury could infer that Verhelst's aggressive reaction reflected an intent to punish McClam for taking a second paper towel rather than to protect himself. Although Verhelst was not within McClam's immediate reach and had the ability to step back, he instead moved forward and stomped on McClam's hand with great force. According to Postma, Verhelst "obviously did not want [McClam] to take [the paper towel]." Even "[a]ssuming" that Verhelst was unaware McClam had permission, Postma thought Verhelst overreacted and that a physical response "seemed unnecessary." Postma believed "[i]t would have been

5

more appropriate [for Verhelst] to verbalize" that he did not want McClam to take the paper towel. And the jail's policy manual authorized uniformed staff to use reasonable force only when necessary, as relevant here, to protect themselves or enforce a lawful order.

Because a jury could reasonably conclude that Verhelst's actions expressed an intent to punish McClam rather than to protect himself, as he claimed, the district court erred in granting summary judgment.

**REVERSED and REMANDED.**

*McClam v. Verhelst*, No. 21-35426

MILLER, Circuit Judge, dissenting:

The general principle is well established: Correctional officers may not gratuitously attack inmates. *See Felix v. McCarthy*, 939 F.2d 699, 702 (9th Cir. 1991). But the Supreme Court has "repeatedly told courts—and the Ninth Circuit in particular—not to define clearly established law at a high level of generality." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011) (citation omitted). Thus, except in an "obvious case," a plaintiff seeking to overcome an assertion of qualified immunity "must identify a case that put [the defendant] on notice that his specific conduct was unlawful." *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 8 (2021) (per curiam).

No case or "robust consensus of cases" clearly establishes any right in these circumstances. *al-Kidd*, 563 U.S. at 742 (internal quotation marks and citation omitted). The most closely analogous cases are not analogous at all. *See, e.g.*, *Wilkins v. Gaddy*, 559 U.S. 34, 38–40 (2010) (per curiam) (holding that a pretrial detainee who was "punched, kicked, kneed, choked, and body slammed 'maliciously and sadistically' and '[w]ithout any provocation'" and who was left with "a bruised heel, back pain, and other injuries requiring medical treatment" need not allege some greater degree of force, though ultimately "express[ing] no view on the underlying merits of his excessive force claim"); *Felix*, 939 F.2d at 701–02 (clearly established violation where prison guards threw a handcuffed

1

inmate across a room in response to a verbal disagreement); *Lolli v. County of Orange*, 351 F.3d 410, 416–18, 421–22 (9th Cir. 2003) (clearly established violation where pretrial detainee was brutally beaten by guards after notifying them that he was diabetic).

Even viewing the facts in the light most favorable to McClam, this case differs from those in two significant ways. First, Officer Verhelst's action was not completely unprovoked. Officer Verhelst stepped on McClam's hand when McClam reached for a paper towel near the officer's feet. No evidence suggests that Officer Verhelst was aware that McClam had permission to grab anything. And although Officer Verhelst's leg was not McClam's target, it is undisputed that McClam reached in that direction. In responding to what he perceived to be an unauthorized movement toward his leg, Officer Verhelst may have acted unreasonably—and perhaps even maliciously—but not entirely without provocation. Second, the level of force employed was far lower than in the cited cases; there is no medical evidence that Officer Verhelst's action caused any injury.

Although McClam's Fourteenth Amendment right to be free from excessive force may have been violated, the district court correctly determined that the right was not clearly established and that Officer Verhelst is entitled to qualified immunity. I would affirm the grant of summary judgment.